UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Rome

JUL 08 2022

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

IN RE:
Johnny Brett Gregory / Plaintiff
Petitioner / Secured party creditor
And Trustee / Appellant

VS.

Kathryn S. Whitlock, et al,
Defendants / Movants / Debtors
Appellee

Case No # 15-401-BEM
and
Civil Docket # 4:22-cv-00118-MLB

V.

Richard Winegarden
Third party Intervenor
Defendant / Debtor / Appellee


MOTION FOR FEDERAL RULE OF
CIVIL PROCEDURE 11 SANCTIONS

COMES Now, Johnny Brett Gregory in Pro Se, in the above-styled action Based on continuous attorney(s) abusive discovery with violates Rule 11 (b), on record/trust, from authorized Signor Robert L. Goldstucker, Nall & Miller, LLP and Patrick N. Arndt, State Bar Number # 139033 office address: 235 Peachtree St., NE North Tower, Suite 1500, Atlanta, GA, 30303, representation for HAWKINS PARNELL & YOUNG LLP, Kathryn S. Whitlock, Ga Bar # 756233 and Stephen W. Rothring Ga Bar # 640964 together for and in behalf of Carl Campbell and Mellea Kendrick, in privies with others Known and unknown ("collectively" Respondents-Debtors-Appellees) and as Attorneys-in-fact (hereinafter, offending party "Attorneys") to this captioned Cause of action as also, officers of the Court and owes the court fiduciary duties and loyalty. See. _Trehan_ V. Von Tarkasyi', BR. 1001, 1007 (Banker. S.D. NY 1986.)

1

Accordingly, "[W]hen an attorney misrepresents or omits material facts to the court, or acts on a client's perjury or distortion of evidence, his conduct may constitute a fraud on the court." Id. Furthermore, when an officer of the court fails to correct a misrepresentation or retract false evidence submitted to the court, it may also constitute fraud on the court. In re McCarthy, 623 N.E.2d 473, 477 (Mass. 1993). Notwithstanding, examination of the of the Attorneys and their duty is not limited solely to an attorney's duty of candor toward the tribunal See, e.g., NEV RULES OF PROF'L CONDUCT 3.3 (stating that lawyers shall not make false statements of fact or law to the court or fail to correct false statements of material fact to the court). Rather, the analysis requires courts to examine certain duties that arise well before the attorneys as offenders involves the court.

2.

Here, the petitioner, invoking and adopting the rule, 26.(g), of the Federal Rules of Civil Procedure requires that an attorney of record sign discovery-related filings, and prescribes that the signature certifies that "to the best of the person's knowledge, information, and belief formed after a reasonable inquiry" the discovery request, response, or objection is "consistent with these rules and warranted by existing law". FED. R CIV. P. 26(g). The signature also certifies that the request, response, or objection is "not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Id. Accordingly, the attorneys, on April 29, 2020, [Doc. 99], motion and supporting brief to quash subpoenas and [Doc. 100] objection to petitioner's discovery requests, has ran afoul of the rule 26 which obligats, "each

3.

attorney to stop and think about the legitimacy of a discovery request, a response thereto, or an objection. FED. R. CIV. P. 60 advisory committee's note to 1983 amendment. Moreover, and to make a reasonable inquiry into the factual and legal basis of their response, request, or objection. The Model Rules of Professional Conduct provide further guidance, to wit: the attorneys who are Lawyers are professionally and ethically responsible for accuracy in their representations to the court. Rule 3.1 of the Model Rules of Professional Conduct states that lawyers "shall not bring or defend a proceeding, or assert or controvert an issue therein, unless, there is a basis in law and fact for doing so that is not frivolous, which includes a good-faith argument for an extension, modification or reversal of existing law, Model Rule of Prof'L Conduct r 3.1 (AM. BAR ASS'N 2013).

4.

Similarly, Rule 3.3 provides that "[a] lawyer shall not knowingly ... make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer. Id. at 33(a). In addition to the rules of professional conduct and an attorney's duty of candor as an officer of the court, "Rule 11 [of the F.R.C.P.] imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and have detenable, and not interposed for any improper purpose" Cooter & Gell v. Hartmarx corp., 496 U.S. 384, 393 (1990)(internal quotation marks omitted.) The United States Supreme Court has held that Rule 11, imposes on any party who signs a pleading, motion, or other paper — whether the party's signature is required by the Rule or is provided voluntarily — an affirmative duty to

5.

a reasonable inquiry into the facts and the law before filing, and that the applicable standard is one of reasonableness under the circumstances. <u>Bus Guides, Inc v. Chromatic Comm'ns Enters, Inc.,</u> 498 U.S. 533, 551 (1991).

Here, the Courts own examination of the Attorneys Kathryn S. Whitlock, Stephen W. Rothring by and through HAWKINS PARNELL & YOUNG LLP (collectively "offenders") and the attorneys duties is important because, as discussed above on record/trust [DOC. 87], [DOC. 94] [DOC. 99] and [DOC. 100] Documents required that "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances", was not use on the attorneys, response, objection nor signature document filed on record/trust, thereby, violations of Rule 26, Rule 11, and even the

6.

rules of professional conduct clearly give rise to a fraud on the Bankruptcy Court claim, even if the violations were not specifically directed to the court itself. Thus, for example, if and adversary misrepresents certain relevant information, fails to disclose such information, requests admissions that he knows to be false, lies during a deposition, or engages in any other deceitful form of discovery, the Attorneys has intentionally, knowingly, and voluntarily violated Rule 26 and has potentially engaged in fraud, misrepresentation and other misconduct prohibited by ethical rules and federal rules of civil procedure. Admittedly, fraud on the Bankruptcy Court which is not misconduct between the parties, hereon, record/trust, In short, it is misconduct that hampers the judicial machinery, from attorneys misconduct.

7.

No one can dispute "the discovery system is designed to facilitate truth-finding". W. Bradley Wendel, Rediscovering Discovery Ethics, 79 MARQ. L. REV. 895, 895 (1996).

Arguendo, the above clearly demonstrate abusive discovery tactics and gross misconduct as this rare matter, do rise to fraud on the court and adopting and invoking discovery abuse also includes [trickery], Prize Energy Res., L.P. v. Cliff Hoskins, Inc., 345 S.W.3d at 573;(Tex. App. 2011), [harassment], Id.; Adelman, 1990 WL 39147, at 2., [threats], Prize Energy Res., 345 S.W.3d at 573; Florida Bar v. Ratiner, 46 So.3d 35, 37 (Fla 2010) (per curiam) and [interference with depositions.] In re Fletcher, 424 F.3d 783, 785 (8th cir. 2005); Van Pilsum v. Iowa State Univ. of Sci. and Tech., 152 F.R.D. 179, 180-81 (S.D. Iowa 1993).

8.

In Van Pilsum, the court found that attorneys' conduct was sanctionable when he "monopolized 20% of his client's deposition." Id.

Petitioner Facts For Sanctions and Attorneys' improper Conducts to as Follows:

1. On April 29, 2020 [Doc. 99], Attorneys Kathryn S. Whitlock, and Stephen W. Rothing by and through HAWKINS PARNELL & YOUNG LLP (Collectively "Attorneys-in-fact") untruthful, Section 'II'. Statement of Facts:

"In 2005, Johnny Bret Gregory was arrested for the Sale of illegal drugs. He pled guilty to federal indictment of drug offenses and was sentenced to federal prison. At the time of his arrest, the Whitfield County Sheriff's office Seized proceeds from Gregory's drug sales, as well as guns and other property

9

purchased with the proceeds of Gregory's drug sales. Since then, Gregory has filed hundreds of pleadings and dozens of cases harassing all who have come in contact with him. These subpoenas are his latest parry."

The petitioner, in response to the above falsehood statement, it is evident that attorneys-in-fact does not take the Superior court of Whitfield county state of Georgia's order on Complaint for forfeiture in civil action No: 09-CI-1374-M, seriously and has no regrets about attorneys-in-fact, prior vexatious and Abusive pleadings. Despite the fact that state judge J. Stephen Schuster ordered back 9 years ago, "The State's failure to perfect service of the forfeiture complaint on the Defendant coupled with the passage of six (6) years since seizure of the property

10.

are fatal to the State's attempt to acquire the property through forfeiture proceedings. The court hereby orders the State to return the Twenty Thousand Seven Hundred Seventy-Eight Dollars in United States Currency, One Film $5000 Digital Camera Serial # 3GA00478, One Suzuki GSXR 1300 Hayabusa without VIN#, and one Polaris Trail Boss Four-Wheeler, which were seized in July 2005 to the Defendant Johnny Brett Gregory." See: Case 15-00401-mgd [Doc. I, filed May 18, 2015 Document page 30.of 14.] Attorneys-in-fact continues to file vexatious, frivolous, and harassing motions that waste the Court's time and resources.

The, Attorneys-in-fact, Response [Doc.87], gave absolutely no justification for their conduct. Most of the Response, doubles down by repeating frivolous arguments, in order not to pay the petitioner Money- past Due debts,

and in case the court didn't get the message, Attorneys-In-fact, has driven thair point home by continuing to file motions and other filings pushing thair discredited and bogus explanation for the court to not revisit. fraud upon the court by officers of the court, [Doc. 79] [Doc. 84], in re, matters, now being more deliberate and knowing "Fraud upon the court" by the attorneys deliberate abuse of court processes for the attorneys-clients own personal gain/defense in complete violation of public trust and oaths of office- making Kathryn S. Whitlock, Stephen W. Rothring liable on their official bond due to this vexatious litigation that constitute Barratry and violation Rule 11(b) and including the fact the attorneys errors and failed to communicate with thair clients in regards to the debt-past due on collections.

2. Despite these truths, Attorneys-In-fact, has continued to file baseless motions fighting discovery, after claiming that thair clients are not Individuals, in this case after the clients own theft and misappropriation of funds of the petitioner, placed in the clients trust, which belonging, to the petitioner, as adjudicated by Court order on record/trust [Case, 15-00401-Mgd, Doc. 1 page, 30 of 74, filed 05/18/2015]. Enough is enough. The Attorneys-In-fact pattern of conduct demonstrates, that they have, no compunction about filing meritless pleadings, divorced from any application or understanding of the law. Thair Respone, [Doc. 87] may, convinced the Court that sanctions are neccessary, in order to prevent futher frivolous and harassing filings in this Bankruptcy court.

13.

3. Petitioner, point to the fact that monetary sanctions alone are unlikely to deter future misconduct, especially given that so many of the Attorneys-in-fact, frivolous filings revolve around, their attempts to not recognized the state of Georgia court order in the petitioner favor against, debtor(s)-in-possession (collectively in private "Distribution List") (Doc. 84, case 15-00401-bem. Document page 3 of 5). Accordingly, the Attorneys-in-fact, should be sanctioned with a fine and a filing ban set fort by the Bankruptcy court; under Rule 11(c), a court may impose sanctions against parties or attorneys that have violated Rule 11(b), Same Federal Rule of Bankruptcy Procedure 9011(b) See 10 Collier on Bankruptcy 9011.02 (15th ed. rev 2007); Hope v Zimmerman (in re Callaway) ch 13, Case No 96-51864, p.6 (Bankr. M.D. Ga Sept. 12 1997).

14.

WHEREFORE, this matter should be Granted, as it rise to the level of a Federal Rule 11 Sanctions and violation the only, manner and meas by which the Federal District court have and retain jurisdiction ove the attorney(s) abusive discovery via Fraud upon the Court.

Dated July 6 2022   *Johnny Brett Gregory*
Johnny Brett Gregory
172 Webb Dr. Ne
Calhoun GA 30701

15

**NOTICE TO AGENT IS NOTICE TO PRINCIPAL**
**NOTICE TO PRINCIPAL IS NOTICE TO AGENT**

7020 0640 0001 3601 1333

**NOTICE OF PROOF OF SERVICE**

I hereby certify that on this 6th day of July, 2022 the original plus 1 copies were mailed to

7020 0640 0001 3607 2976

Patrick N. Arndt
Nall & Miller, LLP
235 Peachtree Street NE
North Tower, Suite 1500
Atlanta 30303-1418

Robert L. Goldstucker
Nall & Miller
Suite 1500
235 Peachtree Street NE
Atlanta, GA 30303-1917

Richard T. Wineganden
4061 Holcomb Creek
Drive, Buford
GA 30519

7020 0640 0001 3607 2983

placing said documents in the U.S. Mail postage pre-paid in full at

**DECLARATION UNDER THE PENALTY OF PERJURY**

The undersigned declares under the penalty of perjury that I am the applicant in this action, that I have read this application, and that the information contained in this application is true and correct pursuant to 28 USC §1746 and 18 USC §1621.

DATED this 6 day of July, 2022

Respectfully Submitted,

Phone 470-633-6277 - 16
J.gregory copper@gmail.com

_Johnny Brett Gregory_ sui juris
172 webb Dr. NE
Calhoun GA 30701

Johnny
172 Webb Drive
Calhoun GA 30701



7020 0640 0001 3601 1333




1000    30161

U.S. POSTAGE PAID
FCM LG ENV
DALTON, GA
30721
JUL 06, 22
AMOUNT
**$5.51**
R2305K138403-09

Clerk of Court
600 East first street
Suite 304
Rome GA 30161

JOHNNY BRETT GREGORY
TRUSTEE
AND
CREDITOR
SECURED PARTY

CLEA... ATE
JUL 0 2022
U.S. Mar... Service
Atlanta, ...